Betty Cox Elmore v. Commissioner.
Elmore v. Commissioner
Docket No. 63216.
United States Tax Court
T.C. Memo 1960-57; 1960 Tax Ct. Memo LEXIS 231; 19 T.C.M. (CCH) 315; T.C.M. (RIA) 60057; March 30, 1960
Lee S. Jones, Esq., Kentucky Home Life Building, Louisville, Ky., for the petitioner. Vernon R. Balmes, Esq., for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: The respondent determined a deficiency and addition in petitioner's 1954 income tax as follows: Addition ( § 294(d)(2)
Deficiency
I.R.C. of 1939)
$4,879.48
$356.99
In an amendment to answer respondent has sought an increased deficiency and addition, the total respective *232 amounts now claimed being $6,200.98 and $436.28. The foregoing increases resulted from the addition to petitioner's 1954 income of interest received, the amount as determined by respondent being $4,650. The parties have now stipulated that the correct amount of such interest is $3,978.08. The issues remaining are (1) the amount of gain realized on the sale of certain real property, and (2) whether and to what extent petitioner has proved certain claimed deductions. Findings of Fact The stipulated facts are so found. Petitioner is a resident of Louisville, Kentucky. She filed her 1954 income tax return on the cash and calendar year basis with the director of internal revenue for the district of Kentucky. 1. Sale of Cardinal Apartments In 1941 or 1942 petitioner purchased for $21,000 the Cardinal Apartments (hereinafter called "Cardinal"), a real property containing 10 rental units. She subsequently added 12 units thereto. On January 15, 1954, petitioner sold the Cardinal for $85,000, reporting the transaction in her 1954 return as follows: Gross sales price
$85,000.00
Depreciation allowed or allowable
21,533.52
Cost (including improvements)
65,405.11
Expense of sale
5,250.00
Gain
35,878.41
*233 Respondent disallowed $1,000 of the $5,250 claimed as expense of sale, but accepted petitioner's figures otherwise. Petitioner's basis in the Cardinal prior to the adjustment for depreciation did not exceed $65,405.11. Her expense of sale did not exceed $4,250. 2. Deductions In 1954 petitioner purchased a property at 6602 So. 3rd Street in Louisville, Kentucky, consisting of 2 apartments. She occupied one and let the other. During 1954 petitioner expended $1,000 for current repairs and maintenance in respect of this property and of the Cardinal, exclusive of amounts attributable to the apartment occupied by her. In 1954 petitioner received the following amounts: Item
Amount
Rental income (Cardinal)
$ 565.22
Rental income (6602 So. 3rd St.)
637.50
Interest
3,978.08
She reported the amount of $4,615.58 as "Income From Rents and Royalties" in her 1954 return. No amount was reported as interest income. Opinion 1. Petitioner now claims that her basis in the Cardinal was substantially understated in her return. She sought at trial to establish substantial capital expenditures, but the record falls far short of satisfying us that her basis exceeded *234 (or even approached) that reported in the return and accepted by respondent. Respondent disallowed $1,000 of the $5,250 claimed as expense of sale. Checks totaling $1,800 and payable to the real estate agent were introduced, and petitioner testified in a very general way that various items of personal property were given to the agent as part consideration for his services. The agent was not called as a witness. Petitioner has the burden of proof. The foregoing does not prove expenses of sale in excess of the $4,250 allowed by respondent, and his determination in respect of this entire issue is sustained. 2. In her 1954 return petitioner claimed a deduction for repairs in respect of her rental real property in the amount of $2,707.12. Respondent disallowed this item for lack of substantiation. The evidence is far from satisfactory. Petitioner was the only witness. We believe that she was truthful and candid, but she had no recollection of many items making up the amount in dispute, and it is unclear whether several other items, substanial in amount, represented current repairs and maintenance or capital improvements. On the other hand, we are convinced that a substantial amount *235 was in fact expended in 1954 for the purpose claimed. It is our best estimate and we find as a fact that such expenses, exclusive of amounts attributable to the apartment occupied by petitioner, were in the total amount of $1,000. Petitioner reported income from rents and royalties in an amount sufficient to include the sums stipulated as having been so received in respect of the Cardinal and 6602 So. 3rd Street. On the other hand, she reported no interest income, and the amount of $3,978.08 stipulated as interest received by her in 1954 must be added to the gross income reported. [1]
*236 No evidence was introduced with respect to the addition under section 294(d)(2) of the Internal Revenue Code of 1939. [2] Respondent's determination that this provision is applicable must be sustained. Decision will be entered under Rule 50. Footnotes
1. We note that interest plus rental from 6602 So. 3rd Street equals $4,615.58, the amount reported as "Income From Rents and Royalties." Nowhere, however, does petitioner seem to assert that the interest item has been reported in her return as part of that figure, and in view of the pleadings and stipulation we may not assume that this is so, although we strongly suspect it. In an amended petition filed after respondent had made claim to an increased deficiency and addition, petitioner merely alleged that she "received interest income in the sum of $3,978.08," and this allegation was then admitted by respondent.↩
2. SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT. * * *
(d) Estimated Tax. - * * *
(2) Substantial Understimate of Estimated Tax. - If 80 percentum of the tax (determined without regard to the credits under sections 32 and 35), in the case of individuals other than farmers exercising an election under section 60 (a), or 66 2/3 percentum of such tax so determined in the case of such farmers, exceeds the estimated tax (increased by such credits), there shall be added to the tax an amount equal to such excess, or equal to 6 percentum of the amount by which such tax so determined exceeds the estimated tax so increased, whichever is the lesser. * * *↩